IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES BRYANT PHIFER,

        Plaintiff,

    v.

SACRAMENTO CITY AND
COUNTY HOUSING AND
REDEVELOPMENT AGENCY, et al.,

        Defendants.

_____/

No. CIV S-07-0747 LKK DAD PS

ORDER

        The pro se plaintiff has filed a document titled "Demand for Default Judgment." Plaintiff cites Rules 54(c) and 55(a) of the Federal Rules of Civil Procedure and requests "default judgment against the defendants in the amount of five million dollars and any other relief this court decides."  Plaintiff asserts that "[d]efendants have not served an answer and complied with 12a, (1), (B), federal rules of civil procedure."

        "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default."  Fed. R. Civ. P. 55(a).  Default judgment cannot be entered against a party whose default has not been entered.  Fed. R. Civ. P. 55(b).  Here, plaintiff's demand for default judgment is premature because the clerk has not entered the default of any

1

defendant and cannot enter the default of both defendants at this time because the record does not support plaintiff's assertion that both defendants are in default.

The United States Marshal has returned a waiver of service of summons signed by defendant Anne M. Moore.  Pursuant to her waiver, defendant Moore was required to file an answer or Rule 12 motion within 60 days after May 22, 2007.  Although more than 120 days have passed, defendant Moore has not filed an answer or a Rule 12 motion.  The record does not include evidence that service has been effected on defendant Sacramento Housing and Redevelopment Agency.  Thus, plaintiff may request that the clerk enter the default of defendant Moore due to her failure to plead or otherwise defend in accordance with her signed waiver of service of summons, but plaintiff may not request entry of default as to defendant Sacramento Housing and Redevelopment Agency at this time.

Plaintiff is further advised that the clerk cannot enter a default judgment against one defendant while the action is proceeding against another defendant, and the court will not enter a default judgment against less than all of the parties except "upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Fed. R. Civ. P. 54(a) and (b).

For the reasons set forth above, IT IS HEREBY ORDERED that plaintiff's August 20, 2007 request for default judgment is denied as premature.

DATED: September 24, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.prose\phifer0747.ord.reqdefjdgmt