1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JAMES BRYANT PHIFER,

11          Plaintiff,                          No. CIV S-07-0747 LKK DAD PS

12          v.

13   SACRAMENTO CITY AND                        ORDER
     COUNTY HOUSING AND
14   REDEVELOPMENT AGENCY, et al.,

15          Defendants.

16   _____/

17          The pro se plaintiff has filed a second motion to extend the discovery deadline and

18   a renewed motion to compel certain discovery responses.  Although the motion to extend time

19   has not been noticed for hearing, the discovery motion is noticed for hearing on November 21,

20   2008. Pursuant to the pretrial scheduling order filed in this case on January 22, 2008, discovery

21   closed on October 31, 2008.

22          By minute order issued on October 15, 2008, the court advised plaintiff that his

23   previous motion to compel and to extend time for discovery would not be placed on the court's

24   calendar because the filing did not comply with the requirements of Local Rule 37-251.  Plaintiff

25   then noticed his motion for hearing on October 31, 2008, the last day for discovery.  By order

26   filed October 23, 2008, the court advised plaintiff that his notice of motion was defective in

1

1   several ways and that the proposed hearing date was, in any event, untimely because the

2   scheduling order requires that all discovery disputes be resolved by an appropriate order that

3   would be complied with prior to October 31, 2008.  Plaintiff's notice of motion was stricken.

4         In his second motion to extend discovery, plaintiff cites Local Rule 6-144(a) and

5   Federal Rule of Civil Procedure 6(b)(1).  Plaintiff's reliance on these rules is misplaced.  The

6   pretrial scheduling order filed on January 22, 2008 commences as follows:

7           READ THIS ORDER CAREFULLY.  IT CONTAINS
    IMPORTANT DATES WHICH THE COURT WILL STRICTLY

8   ENFORCE AND WITH WHICH ALL COUNSEL AND
    PARTIES MUST COMPLY.

9

10  Status (Pretrial Scheduling) Order at 1.  The final section of the pretrial scheduling order includes

11  the following paragraph:

12          The parties are reminded that pursuant to Fed. R. Civ. P.
    16(b), this order **shall not be modified except by leave of court**

13  **upon a showing of good cause.**  The parties are cautioned that
    changes to any of the scheduled dates may necessarily result in

14  changes to all other dates.  Thus, even where good cause has been
    shown, the court may not grant a request to change the discovery

15  cutoff date without modifying the pretrial and trial dates.

16  Id. at 7 (emphasis in original).  Pursuant to Federal Rule of Civil Procedure 16(b), the court is

17  required to issue a scheduling order "as soon as practicable" and must set a deadline for

18  completion of discovery.  The pretrial order "controls the course of the action unless the court

19  modifies it."  Fed. R. Civ. P. 16(d).  Modification requires a showing of good cause.  Johnson v.

20  Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992).

21        Plaintiff states that he needs an extension of time for discovery because (1) his

22  living situation is not conducive to litigating; (2) defendants have interfered with his litigation

23  efforts; (3) income limitations make it difficult to travel, hold depositions, issue subpoenas, and

24  use copying services; and (4) a person representing himself without proper resources cannot keep

25  pace with a law firm.  The conditions described by plaintiff are typical of difficulties faced by pro

26  se litigants, and it does not appear that these difficulties developed recently.  Prior to the court's

1  status (pretrial scheduling ) conference, plaintiff was required to file, and did file, a status report.

2  In that report, plaintiff stated that he "does not intend to use discovery." At the status conference

3  held on January 18, 2008, plaintiff did not object to defendants' proposed discovery deadline of

4  October 31, 2008, and the court adopted that deadline. Plaintiff has not made a showing of

5  diligence in prosecuting this matter after the status conference and has not explained his failure to

6  conduct necessary discovery earlier. Plaintiff has neither identified the discovery he would

7  conduct if granted additional time, nor proposed a new deadline.

8          The court finds that plaintiff has not made a showing of good cause for

9  modification of the pretrial scheduling order. In the absence of good cause, the court will not

10  reopen and extend discovery. Plaintiff's renewed motion to compel is therefore untimely and

11  will be denied for that reason.

12          Accordingly, IT IS HEREBY ORDERED that:

13          1. Plaintiff's "Motion for an Extension of Time" (Doc. No. 51) filed October 29,

14  2008, is denied, and discovery is now closed.

15          2. Plaintiff's "Notice of Motion and Motion to Compel" (Doc. No. 52) filed

16  October 31, 2008 is denied as untimely.

17  DATED: November 5, 2008.

18

19                                      _Dale A. Drozd_

20                                      DALE A. DROZD
                                        UNITED STATES MAGISTRATE JUDGE

21  DAD:kw
    Ddad1\orders.prose\phifer0747.extmtc.den

22

23

24

25

26